## HILL *v.* STATE.

[92 South.   578.   No. 22310.]

CRIMINAL LAW.  *Instruction ignoring issues as to whether search warrant had been obtained or consent given to search premises without warrant held erroneous.*

    Where the evidence was conflicting as to whether a search warrant had been obtained as required by section 2088, Hemingway's Code (Laws 1908, chapter 115), and where it is doubtful as to whether consent was given to search without warrant, it was error to instruct at the instance of the state "that, if you believe from the evidence beyond a reasonable doubt that the defendant made intoxicating liquors as charged in the indictment, it is your sworn duty to find him guilty as charged, and this is true although you believe the defendant stayed in jail several months, and that the sheriff nor Mr. Weaver had no search warrant." *Tucker* v. *State*, 90 So. 845, cited.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Lee Hill was convicted of manufacturing intoxicating liquor, and he appeals.   Reversed and remanded.

*G. H. Merrell,* for appellant.

On the second proposition we can do no better than refer the court to the well-considered case of *Tucker* v. *State,* 90 So. 845, decided March 6, 1922, by Division A. Justice ANDERSON being the organ of the court.   In

part it says: ''The invaders of this home are barred from testifying not only as to his forced confession, but also as to such confession made through the contents of his home and premises. The security afforded by our Constitution against unreasonable search and seizure and self-incrimination, are not to be given a narrow construction. They are a part of our bill of rights. They stand along with the right of trial by jury. They are among the chief fundamentals of our system of government. It is better that the guilty escape punishment in some instances than that these secureties of liberty be violated.''

We submit these officers were bound to have known that they were doing wrong in violating this man's liberties when they went upon his premises and into his home, in his absence, and there searched the home and premises without a search warrant. Without the evidence of the sheriff and Weaver, obtained by this unlawful search and seizure, no conviction would have been had, and then, too, the court kicking from under appellant what this court says, ''are a part of our bill of rights,'' by giving the instruction that it made no difference whether the sheriff or Weaver had a search warrant. It certainly was a controverted fact as to whether they had a search warrant, the sheriff says he thought they had one, Weaver is positive they did not, and the question should have been submitted to the jury, instead of the court saying that they did not have to have a search warrant. We cannot conceive of a more prejudicial error than the court saying, it makes no difference if they are trespassers, if they are officers they need no warrant; they can take the law in their own hands, be they court, jury and everything. We contend that such leads to disrespect for the law and an invasion of constitutional rights, which this court, if possible, should correct, in no uncertain terms.

We respectfully submit that appellant did not have a legal, fair and impartial trial as is guaranteed to him

by the Constitution of our Nation and state, and that this conclusion can readily be seen by a casual reading of this record; and that this case should be reversed and remanded.

*Wm. Hemingway,* assistant attorney-general, for the state.

J. C. Weaver, marshall of D'Lo, saw Hill making liquor at one time. Afterwards, he went through the home of defendant and saw the appliances for manufacturing the liquor. Afterwards he went there with the sheriff to seize the appliances and mash, etc. He and the sheriff disagree as to whether or not he had a search warrant. After the search defendant was arrested and confessed. The defendant complains of his confession being under duress, and the admission of the evidence obtained without the required search warrant. The law is plain upon both subjects. It is needless to discuss it here.

The confession was not secured by a hope of reward or fear of punishment. It would have been good without the search warrant after Weaver had seen the making of the liquor. Weaver's testimony as to the manufacturing of the liquor was sufficient evidence without submitting the evidence secured by the search. This is another case where the mash was intended for the use of hogs, as defendant testified. He contradicts the state's evidence. His wife also testifies in his behalf. She also contradicts the state's evidence.

It is respectfully submitted that there is sufficient evidence to have convicted the defendant, and that there were no errors that would have so prejudiced him as to have caused the reversal of this case.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted for the manufacture of intoxicating liquor and sentenced to two

years in the state penitentiary. On the trial the deputy sheriff named J. C. Weaver testified to seeing the appellant engaged in the operation of a still in the town of D'Lo on several ocassions; that he afterwards went to the house and stated to appellant's wife, the appellant being absent, that he understood they had intoxicating liquor there; that she denied it, but told him if he doubted it to come in and see; that he went in the house and searched and found appliances for making liquor, a home-made still, and some liquor. He testified that he did not have a search warrant. The sheriff testified also to the same search, and that they did have a search warrant. The sheriff's testimony was not positive as to who procured the search warrant. He stated he may have gotten it himself, or that Weaver may have gotten it, or it may have been procured by another Weaver; that it had been a good while, and he was no sure who procured it; but that he was certain they had it. He testified pretty strongly as to his recollection of having the search warrant. Appellant's wife testified that she was so badly frightened by the conduct of the officer that she did not know what she said to them; that Mr. Weaver was cursing and had his pistol, and she was scared nearly to death and did not know what statements she made to them or what they found on the place.

In this condition of the evidence the court granted the state the following instruction;:

"The court charges the jury for the state that, if you believe from the evidence beyond a reasonable doubt that the defendant made intoxicating liquors as charged in the indictment, it is your sworn duty to find him guilty as charged, and this is true although you believe defendant has stayed in jail several months, and that the sheriff nor Mr. Weaver had no search warrant."

The effect of this instruction is to tell the jury that it immaterial whether the officers had a search warrant or not, and it is immaterial as to how the evidence was obtained if the defendant was guilty as charged. In *Tucker*

*v. State* (Miss.), 90 So. 845, it was held that evidence obtained by means of an illegal search could not be used in evidence against the accused. We think the evidence left it to the jury to determine whether or not the officers had a search warrant, and also it was for the jury to decide whether appellant's wife as a matter of fact authorized the officer to enter the house and make a search. If her testimony be taken as true, the officer would have no authority to enter the house. While there is other evidence in the record for the state tending to show the appellant's guilt, still the evidence obtained by the search may have been the cause of the jury's finding the verdict of guilty. It was error to grant the instruction for the state set out above for which the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*